**Supreme Court**
No. 2014-273-Appeal.

Stephen Mattatall        :

v.                :

State of Rhode Island.        :

**O R D E R**

This case came before the Supreme Court on October 7, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

In 1988, applicant, Stephen Mattatall, was convicted of second-degree murder and sentenced to sixty years imprisonment, fifty years to serve, the balance suspended with probation. He also was sentenced to an additional twenty-year term under the habitual offender statute. The applicant now appeals, pro se, from the Superior Court's dismissal of his third application for postconviction relief. The facts and travel of this case are discussed in State v. Mattatall, 603 A.2d 1098 (R.I. 1992), in which we upheld applicant's conviction, and in Mattatall v. State, 947 A.2d 896 (R.I. 2008), where we affirmed the Superior Court's denial of Mattatall's second application for postconviction relief, which was filed in November 2001.

In Mattatall's most recent application for postconviction relief, which was filed on June 27, 2013, he argues that the trial justice's jury instruction on the charge of manslaughter was deficient in light of this Court's decision in State v. Diaz, 46 A.3d 849 (R.I. 2012). The hearing justice granted the state's motion to dismiss applicant's third application for postconviction relief after he found that the jury-instruction issue raised by applicant was barred by the doctrine of res judicata, codified in G.L. 1956 § 10–9.1–8 which says "[a]ll grounds for relief available to an applicant * * * must be raised in his or her [direct appeal or] original * * * application [for postconviction relief] * * * unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief."

This Court repeatedly has said that the doctrine of res judicata "provides a procedural bar not only to issues that have been raised and decided in a previous postconviction-relief proceeding, but also to the 'relitigation of any issue that could have been litigated in a prior proceeding, even if the particular issue was not raised.'" Ferrell v. Wall, 971 A.2d 615, 620 (R.I. 2009) (quoting Ouimette v. State, 785 A.2d 1132, 1138 (R.I. 2001)); see also Pierce v. Wall, 941 A.2d 189, 198 (R.I. 2008) (holding that the decision in State v. Saluter, 715 A.2d 1250 (R.I. 1998), regarding sexual assault instruction would not be applied retroactively). Because applicant has not raised this issue in his previous appearances before this Court, it "may not be the basis for a subsequent application." Section 10–9.1–8. Consequently, the hearing justice did not err in denying the applicant's third application.

We affirm the judgment of the Superior Court.

Entered as an Order of this Court this 8th day of December, 2015.

By Order,


_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:** Stephen Mattatall v. State of Rhode Island.

**CASE NO:** No. 2014-273-Appeal.
(PM13-3120)

**COURT:** Supreme Court

**DATE ORDER FILED:** December 8, 2015

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** N/A – Court Order

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Robert D. Krause

**ATTORNEYS ON APPEAL:**

For Applicant: Stephen R. Mattatall, Pro Se

For State: Aaron L. Weisman
Department of Attorney General